E. GRADY JOLLY, Circuit Judge,
dissenting:
Because I find that the cause of action and remedy here would not be adopted by Nevada courts, I respectfully dissent.
The question that needs to be answered in this case, whether framed as a breach of fiduciary duty or a statutory right, is whether Nevada recognizes a cause of action for oppression of minority shareholders. I find no basis to conclude that it does. The Nevada dissolution statute, Nev.Rev.Stat. § 78.650, sets out a statutory basis for the remedy effectively imposed here, and the statute does not allow dissolution for the oppression of minority stockholders. The Nevada case cited to justify the extension of fiduciary duty to *473 cover shareholder oppression, Clark v. Lubritz, 113 Nev. 1089, 944 P.2d 861 (1997), treated the business as a partnership because the parties treated the corporation as a partnership. To follow Clark here, where there is nothing in the past history or present arrangement indicating that the parties have treated the business as anything other than a corporation, effectively finds that Nevada will ignore corporate structure, when, on a case-by-case basis, equity justifies it.
Furthermore, all indications are that Nevada attempts to pattern its corporate law after the management-friendly approach of Delaware,[1] a state that clearly prohibits a cause of action for oppression of minority shareholders. See Nixon v. Blackwell, 626 A.2d 1366, 1380-81 (Del.1993) (finding that majority shareholders owe no special fiduciary duties to minority shareholders); F. Hodge O’Neal & Robert B. Thompson, O’Neal’s Oppression of Minority Shareholders § 7.13 (2d ed.1985). Even if Nevada is not as friendly to corporate structures and management as Delaware, there is no basis to find that Nevada would adopt the law of Massachusetts, which seems to be at the other end of the spectrum respecting corporate formalities. In sum, I am convinced that, given the general acknowledgment that Nevada is corporate friendly, as shown through its statutory dissolution provision and its tendency to follow Delaware law, the cause of action and remedy here would not be recognized. I therefore respectfully dissent.

. See Keith Paul Bishop, Battle for Control of ITT Corporation Spotlights Nevada (and Delaware) Corporate Law: Did Nevada Law Get Stockholders a Better Deal?, 12 Insights, January 1998, at 15 ("Nevada has worked hard to challenge Delaware's pre-eminence as the domicile of choice for corporations."); Keith Paul Bishop, The Delaware of the West: Does Nevada Offer Better Treatment for Directors?, 7 Insights, March 1993, at 20 ("Delaware faces aggressive competition for new corporations from the state of Nevada which aims at being the 'Delaware of the West.' "); Michael J. Sullivan, Extensive Changes Made to Nevada Corporation Law Enacted, 6 Insights, January 1992, at 27 (describing management-friendly changes made to corporate law, and comparing Nevada law to Delaware law).